**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| **JENNIFERE CLAYTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:21-cv-00212-LMB-IDD** |
| | ) | |
| **TRI STATE RESTORATIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT TRI STATE RESTORATIONS' INITIAL DISCLOSURES

Defendant Tri State Restorations, LLC ("Defendant" or "TSR"), by counsel, pursuant to Fed. R. Civ. P. 26(a)(1) hereby makes the following initial disclosures to Plaintiff Jennifere Clayton ("Plaintiff" or "Clayton"):

**I.    Preliminary Statement**

These initial disclosures represent reasonable efforts by TSR to provide the information required by Fed. R. Civ. P. 26(a)(1).  TSR does not waive any right, as applicable, to object to the disclosure of information or documents on the basis of attorney-client privilege, the work-product doctrine, or any other applicable protection against disclosure.  TSR also preserves all other objections as to competence, relevance, materiality, and admissibility of any documents or categories of documents.  By identifying a category of documents upon which it may rely, TSR does not waive the right to interpose the foregoing objections.  TSR reserves the right to supplement these initial disclosures through additional information that may be produced in the course of discovery or otherwise.

## II.    **Witnesses With Discoverable Information**

Subject to the foregoing, TSR identifies the following persons who may have discoverable knowledge of the facts relevant to the claims and defenses in this case. The following identification shall not be deemed to waive either the attorney-client privilege or the attorney work product doctrine or any other applicable privilege. All current employees of TSR shall be contacted only through counsel for Defendant.

1. Plaintiff Jennifere Clayton

2. Mark Wilson, President and Chief Executive Officer, TSR.  Mr. Wilson may only be contacted through counsel.

3. Tara Wilson, Accounts Manager at TSR. Mrs. Wilson may only be contacted through TSR's counsel.

4. Alicia Charney, Former Service Manager, TSR.

5. All witnesses identified by Plaintiff in her Rule 26 Initial Disclosures or discovery responses.

6. Witnesses identified in Plaintiff's and Defendant's responses to discovery requests.

Since discovery is ongoing in this matter, TSR reserves the right to rely on additional witnesses to support its defenses and to supplement these disclosures accordingly as discovery proceeds.

## III.    **Identification of Documents**

TSR identifies the following documents known to it at this time as possibly supportive of its defenses. TSR reserves the right to supplement this disclosure if and when additional information and documents become known to it.  Subject to the foregoing, TSR identifies the following categories of documents that it may use to support its defenses in this case.  The

term "documents" as used herein shall have the same meaning ascribed under the Federal Rules of Civil Procedure.

1.      Personnel documents related to Plaintiff's employment.

2.      Employment policies and procedures relevant to Plaintiff's employment and its termination.

3.      The Equal Employment Opportunity Commission's January 29, 2020 Dismissal and Notice of Rights.

4.      Plaintiff's January 2020 Charge of Discrimination and documents related to same.

5.      The Equal Employment Opportunity Commission's December 1, 2020 Dismissal and Notice of Rights

6.      Plaintiff's November 2020 Charge of Discrimination and documents related to same.

7.      Documents related to Plaintiff's job duties and responsibilities.

8.      Unprivileged documents related to the termination of Plaintiff's employment.

9.      Documents related to the claims and allegations in Plaintiff's Amended Complaint.

10.     Documents related to defenses asserted by TSR in its Answer.

11.     Documents identified by Plaintiff in her Rule 26 Initial Disclosures (Currently in Plaintiff's possession).

12.     Documents related to Plaintiff's alleged efforts to mitigate her damages (Currently in Plaintiff's possession).

13.     Documents produced by Plaintiff in this case (Currently in Plaintiff's possession).

All documents identified are believed to be in the custody of Defendant, unless stated otherwise.  Copies of the documents listed above will be made available to Plaintiff pursuant to any production requests from Plaintiff.  Documents protected by the attorney-client privilege or the work product doctrine will not be produced.  Any other documents within the scope of Rule 26(a)(1) of which TSR becomes aware during discovery will be provided in a timely manner.

**IV.     Computation Of Damages**

TSR is not, at the present time, seeking damages from Plaintiff. If TSR subsequently files a counterclaim seeking damages, it shall amend this disclosure accordingly.  Further, TSR reserves the right to request and recover the costs and attorneys' fees incurred in defending this action.

**V.      Insurance Agreements**

This lawsuit may be covered in whole or in part by TSR's liability insurance policy provided by Erie Insurance, Policy #Q391551695.  A copy of this policy's declarations with relevant coverage information will be produced subject to confidentiality restrictions.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Date:  August 4, 2021                    By:   _/s/ Janea J. Hawkins_____
                                                  Matthew F. Nieman (VA Bar No. 47231)
                                                  Janea J. Hawkins (VA Bar No. 95202)
                                                  10701 Parkridge Blvd., Suite 300
                                                  Reston, VA  20191
                                                  (703) 483-8300 (Telephone)
                                                  (703) 483-8301 (Fax)
                                                  Matthew.Nieman@jacksonlewis.com
                                                  Janea.Hawkins@jacksonlewis.com

                                                  *Counsel for Tri State Restorations, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on August 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher Rau, Esq.
Law Offices of Christopher R. Rau.
200 Little Falls Street, Suite 501
Falls Church, VA 22046
(703) 536-1660 (Telephone)
crrau@aol.com

***Counsel for Plaintiff Jennifere Clayton***

By:   */s/ Janea J. Hawkins*
     Janea J. Hawkins (VA Bar No. 95202)
     **JACKSON LEWIS P.C.**
     10701 Parkridge Blvd., Suite 300
     Reston, VA  20191
     (703) 483-8300 (Telephone)
     (703) 483-8301 (Fax)
     Janea.Hawkins@jacksonlewis.com

     ***Counsel for Tri State Restorations, LLC***

4836-8043-1092, v. 1